John P. Margiotta (jmargiotta@fzlz.com)
Emily Weiss (eweiss@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, 17th Floor
New York, NY 10036
Tel:  (212) 813-5900

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GABRIEL BROS, INC.,<br><br>  Plaintiff,<br>  v.<br><br>S. KASHI & SONS, INC. and KENT JEWELRY, INC.,<br><br>  Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff Gabriel Bros, Inc. ("Gabriel Bros" or "Plaintiff"), for its Complaint against Defendants S. Kashi & Sons, Inc. ("Kashi") and Kent Jewelry, Inc. ("Kent," and together with Kashi, "Defendants"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. Gabriel Bros is a premiere jewelry designer and manufacturer known for its innovative, high-quality engagement and wedding rings.

2. The claim asserted herein arises out of and is based on Defendants' unlawful manufacture, distribution, promotion, offering for sale, and sale of an engagement ring that is an imitation of one of Gabriel Bros' jewelry designs, which is protected under the copyright law.

3. To redress the harm being done, Plaintiff brings a claim for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*  Plaintiff seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under Section 501 of the Copyright Act, 17 U.S.C. § 501, and under Sections 1331 and 1338(a) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a).

5. This Court has personal jurisdiction over Defendants under New York Civil Practice Law and Rules §§ 301 and/or 302(a) because, upon information and belief, (i) Defendant S. Kashi & Sons, Inc.'s place of incorporation and principal place of business is New York, (ii) Defendant Kent Jewelry, Inc.'s place of incorporation and principal place of business is New York; and/or (iii) Defendants have transacted business in New York and have contracted to supply goods or services in New York in connection with matters giving rise to this suit.

6. Venue is proper under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because, on information and belief, both Defendants reside in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## THE PARTIES

7. Plaintiff Gabriel Bros, Inc. is a corporation organized and existing under the laws of New York, having a principal place of business at 545 West 45th Street, 3rd Floor, New York, NY 10036.

8. Upon information and belief, Defendant S. Kashi & Sons, Inc. is a corporation organized and existing under the laws of New York, having a principal place of business at 175 Great Neck Road, Suite 204, Great Neck, NY 11021.

9. Upon information and belief, Defendant Kent Jewelry, Inc. is a corporation organized and existing under the laws of New York, having a principal place of business at 44 West 47th Street, Store Front #2, New York, NY 10036.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**I.     GABRIEL BROS' BUSINESS AND IP RIGHTS**

   A.     Gabriel Bros' Business

   10.    Gabriel Bros is a renowned designer, manufacturer, and distributor of engagement rings, weddings rings, and other fine jewelry.  Founded in 1989 by two brothers, Gabriel Bros has become known for its artistic engagement and wedding ring designs, which blend classical and fashion-forward elements to create unique designs.  Each engagement and wedding ring offered by Gabriel Bros is handcrafted and goes through a rigorous quality control procedure before it is sent to a retailer.

   11.    Gabriel Bros' jewelry has been featured in various editorial spreads, including in *InStyle*, *Harper's Bazaar*, *Weddings*, *WWD*, *The Knot*, and *O The Oprah Magazine*.  Moreover, Gabriel Bros is consistently ranked by industry publications as among the best-performing fine jewelry and bridal brands.  For example, in 2016, *InStore* magazine named Gabriel Bros the best performing jewelry brand.

   12.    Gabriel Bros extensively advertises its jewelry products, including on social media sites.  Gabriel Bros has attracted a large number of followers on social media, with more than 4 million followers on Facebook, more than 350,000 followers on Instagram, and more than 28,000 followers on Pinterest.

   B.     Gabriel Bros' Copyright in Engagement Ring Style No. ER911865R0W44JJ

   13.    One of Gabriel Bros' original designs in its bridal collection is the engagement ring shown below (Style No. ER911865R0W44JJ):



(the "Gabriel Design").

14. Gabriel Bros owns a U.S. copyright in the Gabriel Design. That design is the subject of U.S. Copyright Registration No. VA 2-026-010 (the "Gabriel Copyright Registration"). A true and correct copy of the Gabriel Copyright Registration is attached as Exhibit A.

## II. DEFENDANTS' UNLAWFUL ACTIVITIES

15. On information and belief, Defendant Kashi is a jewelry manufacturer and distributor and Defendant Kent is a jewelry distributor and retailer. Kent operates a showroom in midtown Manhattan, and also displays and offers for sale jewelry products through its website, located at *www.kentny.com*.

16. On information and belief, Kashi manufactured, advertised, offered for sale, sold, and distributed an engagement ring that is substantially similar, if not identical, to the Gabriel Design, images of which are shown below:






(the "Infringing Ring").

17. Kent distributed the Infringing Ring to Kashi, which in turn advertised, offered for sale, and sold the Infringing Ring to consumers, including an agent of Gabriel Bros.

18. On information and belief, Kent has distributed the Infringing Ring to retailers other than Kashi.

19. On information and belief, Kashi has sold the Infringing Ring to consumers other than Gabriel Bros' agent.

{F2246009.2 }

20. On information and belief, such activities are being done willfully, with the knowledge that the Infringing Ring is copied from, and/or based upon, Gabriel Bros' engagement ring shown in Paragraph 13 above and that the Infringing Ring is substantially similar to the Gabriel Design.

21. Defendants are not related to or affiliated with Gabriel Bros in any way. Defendants have not sought or received a license or authorization from Gabriel Bros for any purpose whatsoever, including for the acts described herein.

22. Defendants' distribution and sale of the Infringing Ring unlawfully wrests from Gabriel Bros control over its reputation and, on information and belief, is unjustly enriching Defendants.

23. Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Gabriel Bros and its business unless restrained by this Court.

**FIRST CLAIM FOR RELIEF:**
**COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501**

24. Gabriel Bros repeats and incorporates herein by reference each of the foregoing allegations.

25. The Gabriel Design is an original and creative work of Gabriel Bros that is subject to copyright protection under United States law. Photographs of the Gabriel Design are shown in Paragraph 13.

26. Gabriel Bros is the exclusive owner of all right, title, and interest in and to the copyright in the Gabriel Design. Gabriel Bros applied to the U.S. Copyright Office, which issued U.S. Copyright Registration No. VA 2-026-010 for the Gabriel Design.

27. Gabriel Bros has published, distributed, and sold rings bearing the Gabriel Design in compliance with the copyright laws and has remained the sole owner of the copyright.

28.     Because the engagement ring shown in Paragraph 13 was shown on Gabriel Bros' website, and sold to the public, Defendants, who also are in the jewelry business, had access to the Gabriel Design.

29.     After the Gabriel Design was published and Defendants had access to it, Defendants infringed the Gabriel Copyright by manufacturing, importing, exporting, displaying, advertising, reproducing, distributing, offering for sale, and/or selling the Infringing Ring, which incorporates a design that was copied from and is substantially similar in overall appearance to the Gabriel Design.

30.     Defendants thereby have violated and, on information and belief, continue to violate, Gabriel Bros' exclusive rights in the Gabriel Copyright under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

31.     On information and belief, Defendants' aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

32.     Defendants' infringement of Gabriel Bros' exclusive rights in the Gabriel Copyright has caused Gabriel Bros damage, and has enabled Defendants to profit illegally therefrom.

33.     Defendants' copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Gabriel Bros to sustain irreparable damage, loss, and injury, for which Gabriel Bros has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     Permanently enjoining and restraining Defendants, their agents, servants, employees, successors, and assigns and all those in active concert or participation with them, from:

(a)     Infringing the Gabriel Copyright, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, or exporting the Gabriel Design or any other designs copied or derived from the Gabriel Design; and

(f)     Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraph (a) above.

2.     Directing that Defendants turn over to Plaintiff for impoundment and eventual destruction, without compensation to Defendants, all products or materials in their possession or control that violate the provision of paragraph 1(a) above, along with all articles by means of which such unauthorized copies may be reproduced.

3.     Directing that Defendants, at their own expense, recall from any distributors, retailers, vendors, or others to whom they have distributed products or materials that violate the provision of paragraph 1(a) above, and that Defendants deliver up to Plaintiff for destruction all products or materials returned to them.

4.     Directing that Defendants, at their own expense, contact each manufacturer or supplier of any products or materials supplied to Defendants that violate the provision of paragraph 1(a) above, and obtain written confirmation that any and all such products or materials have been destroyed, or returned to Defendants.  For any such products or materials returned to Defendants, Defendants shall immediately deliver those up to Plaintiff for destruction.

5.     Granting Plaintiff monetary relief, including Plaintiff's damages and Defendants' profits, as provided by 17 U.S.C. § 504(b), or statutory damages as Plaintiff may elect as provided by 17 U.S.C. § 504(c).

6. Granting Plaintiff its full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

7. Granting Plaintiff punitive damages.

8. Granting Plaintiff both pre-judgment and post-judgment interest on each and every monetary award.

9. Granting Plaintiff such other and further relief as the Court may consider equitable, just and proper.

Dated: May 30, 2017

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By _____
John P. Margiotta
Emily Weiss
4 Times Square, 17th Floor
New York, NY 10036
Tel: (212) 813-5900
*jmargiotta@frosszelnick.com*
*eweiss@frosszelnick.com*

*Attorneys for Plaintiff*